IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | Civil No.: WDQ-10-0371 |
| $85,000.00 in U.S. CURRENCY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

The Government seeks forfeiture of $85,000.00 ("the Currency") seized from Najah Stewart's luggage. For the following reasons, the Government's motion to strike Stewart's claim for the Currency for lack of standing will be denied. Its motion to strike Stewart's claim for failure to answer special interrogatories will be granted.

I. Background

At 6:30 a.m. on August 31, 2009, Maryland Transportation Authority officers at Baltimore Washington International Airport ("BWI") scanned luggage checked by Stewart; the Currency was concealed in its lining. Russell Shoul Decl. ¶¶ 1-2.[1] Attempts

---

[1] The luggage also contained women's shoes and clothing in various sizes and an Arizona rental car agreement in Stewart's name. Shoul Dec. ¶ 3.

to contact Stewart at her terminal were unsuccessful.  *Id.*  ¶ 2.
Stewart was scheduled to fly to Ontario, California, but did not
board her flight.  *Id.*

At 9:30 a.m., DEA Officers Shoul and Cover seized the
Currency and a cellular telephone found in Stewart's luggage.
*Id.* ¶ 4.[2]  A K-9 alerted to narcotics on the Currency.  *Id.* ¶ 5.

At 3:00 p.m., Shoul learned that Stewart had contacted
Delta Airlines about her bags.  *Id.* ¶ 6.  Delta told Stewart
that officers had seized them.  *Id.*  Shoul left two messages for
Stewart at the number she provided Delta, but could not reach
her.  *Id.*

On September 1, 2009, Kenneth Ravenell, Esquire, her
attorney, called Shoul.  *Id.* ¶ 7.  Ravenell told Shoul that
Stewart had become ill before boarding her flight, and had not
traveled to California as planned.  *Id.*  She thought someone
else would retrieve her luggage there.  *Id.*  Shoul asked
Ravenell and Stewart to meet with him about the contents of the
luggage, but she declined.  *Id.*

On February 16, 2010, the Government filed its forfeiture
complaint.  ECF No. 1.  On March 9, 2010, Stewart filed her
claim for the Currency; she amended it on April 29, 2010.  ECF
Nos. 4 & 5.  On May 17, 2010, the Government moved to strike

---

[2]  On September 1, 2009, the Currency was transferred to the
United States Marshals Service.  *Id.* ¶ 5.

2

Stewart's claim for lack of standing. ECF No. 8. On June 15, 2010, the Government moved to strike her claim for failure to answer special interrogatories. ECF No. 16.

II. Analysis

A. Standing

The Government contends that Stewart lacks standing to contest the forfeiture because she has not alleged a sufficient interest in the Currency. ECF No. 8 at 10-13. Civil forfeiture claimants bear the burden of establishing Article III and statutory standing. *United States v. $487,825.00 in U.S. Currency,* 484 F.3d 662,664 (3d Cir. 2007).

Article III standing is established by "a mere colorable interest in the seized property." *United States v. $5,730.00 in U.S. Currency,* 109 Fed. Appx. 712, 713 (6th Cir. 2004). Statutory standing requires the claimant's compliance with Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 983(a)(4). *See United States v. $12,126.00 in U.S. Currency,* 337 Fed. Appx. 818, 820 (11th Cir. 2009). Under Supplemental Rule G(8)(c), the Government may move to strike a claim for lack of statutory standing.

Supplemental Rule G(5) requires that the claim: (1) "identify the claimant" and (2) "state [his] interest in the property." The Rule is silent about the information necessary

to state an interest. Some courts have held that a simple claim of ownership is sufficient.[3] Others require more than the claimant's "bald assertion of ownership."[4] The purpose of the requirement is to "endow the government with knowledge of ownership." *United States v. $25,790.00 in U.S. Currency,* 2010 WL 2671754, at * 3 (D. Md. July 2, 2010).

Stewart's amended claim asserts that, "upon information and belief, [she] is the owner of the defendant property" and "has standing to contest the civil forfeiture of the property." ECF No. 5 at ¶ 3. The Government's complaint asserts that the Currency was seized from luggage Stewart checked at BWI. Compl. ¶ 3. The luggage also contained a car rental agreement in Stewart's name. Shoul Dec. ¶ 3. The Government attempted to contact Stewart about the luggage. *Id.* ¶ 2. These circumstances endowed the Government with knowledge of her ownership. Her claim sufficiently alleges her interest in the Currency.[5]

---

[3] *See United States v. Funds from Prudential Sec.,* 300 F. Supp. 2d 99, 106 (D.D.C. 2004)(collecting cases supporting the proposition that "an affirmation or statement under oath that one is the owner of the seized property [is] sufficient to establish [statutory] standing").

[4] *See United States v. $39,557.00 in U.S. Currency,* 683 F. Supp. 2d 335, 338-40 (D.N.J. 2010)(striking claim for failure to state an interest when claimant merely said he owned the property).

[5] *See United States v. $85,668.00 in U.S. Currency,* 2009 WL 1507150, at *1 (D. Utah May 27, 2009) (claimant's assertion of "an ownership/ and or possessory interest in, and the right to . . . control. . . the defendant property" sufficient for

4

The Government's motion to strike for lack of standing will be denied.

B. Failure to Answer Special Interrogatories

The Government argues that Stewart's claim should be struck because she has failed to timely answer its request for special interrogatories. ECF No. 16 at 3. Stewart has not opposed this motion.[6]

Supplemental Rule G(6)(a) provides that "[t]he government may serve special interrogatories limited to [the claimant's] identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Under Rule G(6)(b), "answers or objections to [the] interrogatories must be served within 21 days after the interrogatories are served." Rule G(8)(c) allows the government to move to strike a claim "at any time before trial," if the claimant fails to timely respond to the interrogatories. *See United States v. $2,409.00 in U.S.*

---

statutory standing); *United States v. Various Computers and Computer Equip.*, 82 F.3d 582, 585 (3d Cir. 1996)(district court erred in dismissing claim for failure to comply with the Supplemental Rule's verification requirement when government's knowledge of claimant's interest in the property served the Rule's purposes), *cert denied,* 519 U.S. 973 (1996); *United States v. $38,570 in U.S. Currency,* 950 F.2d 1108, 1112-13 (5th Cir. 1992)(claimant's statement "I own the currency" established statutory standing when government's complaint acknowledged his relationship to the property).

[6] Her response was due on July 2, 2010. ECF No. 16.

5

*Currency,* 2010 WL 2670982, at *1 (D. Md. June 24, 2010)(striking claim for failure to respond).

Stewart filed her claim on March 9, 2010. On May 10, 2010, the Government served the special interrogatories and informed Stewart that she had 21 days to respond. ECF No. 16, Ex. 1 at 1. The Government has not received Stewart's answers to the interrogatories. The Government's motion to strike for failure to answer the interrogatories will be granted.[7]

III. Conclusion

For the reasons stated above, the Government's motion to strike for lack of standing will be denied. It's motion to strike for failure to answer special interrogatories will be granted.

December 6, 2010  _____/s/_____
Date  William D. Quarles, Jr.
  United States District Judge

---

[7] Because Stewart's failure to answer the interrogatories is also a basis for striking her answer to the Government's forfeiture complaint, her motion and supplemental motion for leave to file a belated answer to the forfeiture complaint will be denied. *See* Supp. R. G(8)(c)(i); *United States v. $27,970.00 in U.S. Currency,* 2010 WL 933762, at *1 (S.D. Ga. Mar. 16, 2010) (striking answer when claimant failed to timely respond to interrogatories). The Government's supplemental motion to strike for failure to timely answer the forfeiture complaint will be denied as moot.