IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA,         *

    Plaintiff,               *

    v.                       *     Civil No.: WDQ-10-0371

$85,000.00 in U.S. CURRENCY,      *

    Defendant.                *

* * * * * * * * * * * * *

MEMORANDUM OPINION

The Government seeks forfeiture of $85,000.00 ("the Currency") seized from Najah Stewart's luggage. For the following reasons, its unopposed motion for entry of default judgment will be granted.

I. Background

At 6:30 a.m. on August 31, 2009, Maryland Transportation Authority officers at Baltimore Washington International Airport ("BWI") scanned luggage checked by Stewart; the Currency was concealed in its lining. Russell Shoul Decl. ¶¶ 1-2. Attempts to contact Stewart at her terminal were unsuccessful. *Id.* ¶ 2. Stewart was scheduled to fly to Ontario, California, but did not board her flight. *Id.*

At 9:30 a.m., DEA Officers Shoul and Cover seized the Currency and a cellular telephone found in Stewart's luggage. *Id.* ¶ 4. A K-9 alerted to narcotics on the Currency. *Id.* ¶ 5. At 3:00 p.m., Shoul learned that Stewart had contacted Delta Airlines about her bags. *Id.* ¶ 6. Delta told Stewart that officers had seized them. *Id.* Shoul left two messages for Stewart at the number she provided Delta, but could not reach her. *Id.* On September 1, 2009, Stewart's attorney, Kenneth Ravenell, Esquire, called Shoul. *Id.* ¶ 7. Ravenell told Shoul that Stewart had become ill and not boarded her flight; she thought someone else could pick her bag up. *Id.* Shoul asked Ravenell and Stewart to meet with him about the luggage, but she declined. *Id.*

On February 16, 2010, the Government filed its forfeiture complaint. ECF No. 1. Beginning on February 26, 2010, the Government published notice of its forfeiture complaint on a government internet website. Stefan Cassella Dec. ¶ 1. On March 19, 2010, Stewart filed a claim for the Currency, which was later stricken by this Court. ECF Nos. 4, 19. No other claims to the Currency were filed, and on February 24, 2011, the Clerk of Court entered a default. ECF No. 24. On February 25, 2011, the Government moved for entry of default judgment. ECF No. 25.

II. Analysis

"With respect to default judgments in proceedings that are in rem actions for forfeiture, both the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply, but the latter rules prevail if there is an inconsistency." *United States v. Approx. $24,546.25 in U.S. Currency*, 2009 WL 3486370, at *1 (E.D. Cal. Oct. 23, 2009) (*citing* Supp. R. A (1)).

    A. Supplemental Rule G(4)

Supplemental Rule G(4)(a) provides that a judgment of forfeiture "may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders." Supp. R. G (4)(a)(i). The notice must describe the property with reasonable particularity and state the time to file a claim and to answer. Supp. R. G(4)(a)(ii). The notice may be posted "on an official internet government forfeiture site for at least 30 consecutive days." Supp. R. G.(4)(a)(iii)(B).

The Government has provided the declaration of Stefan Cassella, Assistant United States Attorney, that the "Notice of Civil Forfeiture was posted on an official government internet site (www.forefeiture.gov) for at least 30 consecutive days, beginning on February 26, 2010." Stefan Cassella Dec. ¶ 1. The Government has also provided a copy of the notice, which meets

3

the requirements of Supp. R. G (4)(a)(ii). *Id.*, Attach. 1. Only Stewart filed a claim of ownership, which this Court struck on December 7, 2010 for failure to answer special interrogatories. ECF No. 19. The Government has demonstrated its compliance with the Supplemental Rules, and that no party has a claim to the property.

B.   Fed. R. Civ. P. 55

Under Fed. R. Civ. P. 55, a district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The Court accepts as true the well-pled facts in the plaintiff's complaint, "but a defaulting defendant is not held to admit conclusions of law." *United States v. $3,500.00 in U.S. Currency*, 2008 WL 215807, at *1 (E.D.N.C. Jan. 24, 2008) (*citing Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Rather, it remains for the Court to determine whether the unchallenged factual allegations "support a claim and the relief sought." *Id.*

Civil forfeiture complaints must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). At trial, the government is required to prove that the defendant property is subject to forfeiture by a preponderance of the evidence. 18 U.S.C. § 983

4

(c). When "the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," it must establish "a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). Here, "the Government would have to prove that it [is] more likely than not that the [$85,000.00] was used, or intended to be used, in exchange for controlled substances . . . represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act." *$3,500.00 in U.S. Currency*, 2008 WL 215807 at *2 (*citing* 21 U.S.C. § 801 *et seq.*).

Officer Shoul's declaration, attached to the Complaint, states that "[f]our vacuum sealed bags of currency were located within the lining of [Stewart's] luggage," which also carried women's clothing of various sizes. Shoul Dec. ¶ 2. A K-9 "alerted to the presence of a controlled dangerous substance on the four bags of currency," and Stewart never boarded her plane—abandoning $85,000.00. *Id.* ¶¶ 5-6. Stewart did not return Shoul's calls regarding her abandoned luggage; instead her attorney did. *Id.* ¶ 7. Accepted as true, these allegations are sufficient to establish by a preponderance of the evidence a

5

substantial connection between the Currency and a controlled substance offense.[1]

III. Conclusion

For the reasons stated above, the Government's motion for entry of default judgment will be granted.

_____3/18/11_____                              _____/s/_____
Date                                            William D. Quarles, Jr.
                                                United States District Judge

---

[1] See, e.g., United States v. $252,300.00 in U.S. Currency, 484 F.3d 1271, 1274-75 (10th Cir. 2007)("A large amount of currency, while not alone sufficient to establish a connection to a drug transaction is strong evidence of such a connection" and "wrapping cash in cellophane-type material is a technique known to be used by drug dealers"); United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars, 403 F.3d 448, 460 (7th Cir. 2005)(K-9 alerts to currency are entitled to probative weight); United States v. $64,640.00 in U.S. Currency, 2007 WL 1575241, at *6-7 (D. Neb. 2007) (government met its burden when "large bundles of cash were found in luggage," owner of luggage did not board his flight, and drug detection dog alerted to narcotics on the luggage).